SCHILLING LAW GROUP, PC
Charity M. Gilbreth (Bar No. 223504)
charity.gilbreth@schillinglawgroup.com
Matthew G. Ardoin (Bar No. 293350)
matt.ardoin@schillinglawgroup.com
Tyler H. Hunt (Bar No. 313326)
tyler.hunt@schillinglawgroup.com
1100 Newport Center Drive, Suite 250
Newport Beach, California 92660
Telephone: (949) 760-6120
Facsimile: (949) 760-6129

Attorneys for Defendant BLIZZARD ENTERTAINMENT, INC., erroneously sued as ACTIVISION BLIZZARD, INC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>        Plaintiff,<br><br>   v.<br><br>BLIZZARD ENTERTAINMENT, INC., erroneously sued as ACTIVISION BLIZZARD, INC.,<br><br>        Defendant. | CASE NO.<br><br>**BLIZZARD ENTERTAINMENT, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)**<br><br>[*Filed concurrently with Civil Case Cover Sheet, Notice of Appearance, Certification of Interested Entities or Persons, and Corporate Disclosure Statement*]<br><br>Complaint Filed:   August 2, 2019 |

1    **TO THE COURT, ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE**

2    **CLERK OF THE ABOVE-ENTITLED COURT:**

3        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1331, Defendant Blizzard

4 Entertainment, Inc., erroneously sued as Activision Blizzard, Inc. ("Blizzard" or "Defendant"),

5 by and through its attorneys, hereby removes to this Court the above-captioned matter entitled

6 *Erik Estavillo v. Activision Blizzard, Inc*. (the "Action"), which is currently pending in the

7 Superior Court of the State of California for the County of Santa Clara, Case No. 19-CV-352264

8 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all the pleadings,

9 processes and orders that have been served on Blizzard in the State Court Action are attached

10 hereto as **Exhibit A**. Removal is proper because the Action presents a federal question by

11 bringing claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the

12 "ADA").

13    **I.**      **TIMELINESS OF REMOVAL**

14        On August 5, 2019, Plaintiff Erik Estavillo ("Plaintiff" or "Estavillo") served Blizzard

15 with a copy of the Summons and Complaint in the State Court Action. *See* **Exhibit A at 1**

16 **(Summons)**. This Notice of Removal is timely because it is filed within thirty (30) days of

17 Blizzard receiving a copy of the Summons and Complaint. *See* 28 U.S.C. §§1446(b)(1),

18 (b)(2)(A).

19    **II.**      **REMOVAL JURISDICTION BASED ON FEDERAL QUESTION**

20        The State Court Action is a civil action over which this Court has original jurisdiction

21 under 28 U.S.C. §1331. This Court has federal question jurisdiction because Plaintiff's ADA

22 cause of action arises under federal law. 28 U.S.C. §1331. Federal law specifically grants any

23 person subjected to discrimination on the basis of disability in violation of the ADA with a cause

24 of action. *See* 42 U.S.C. § 12188(a). "[A] federally created claim for relief is generally a

25 'sufficient condition for federal-question jurisdiction.'" *Mims v. Arrow Fin'l Services, LLC*, 565

26 U.S. 368, 377 (2012) (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering &*

27 *Mfg.*, 545 U.S. 308, 317 (2005)).

28

1    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's only other cause of action that alleges violations of Section 1723 of the California Civil Code. Plaintiff's ADA and Section 1723 claims are intertwined because each requires an evaluation of Blizzard's digital website, and in particular, the notice to consumers of the company's refund policy. *See* Exhibit A at 7-8. Since both claims are so related that they form part of the same controversy under Article III of the U.S. Constitution and derive from a common nucleus of operative fact, supplemental jurisdiction over the Section 1723 claim is appropriate. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact").

## III. VENUE

Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§1441(a) and 1446(a) because the county in which the State Court Action is pending is located within the Central District, San Jose Division. *See* 28 U.S.C. §84(c)(1); Civil L.R. 3-2(e).

## IV. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, San Jose Division, written notice of such filing will be served on Plaintiff, who is representing himself *pro se*. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Clara.

## V. SIGNATURE PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The undersigned counsel for Blizzard has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1146(a).

///

///

**WHEREFORE**, Blizzard respectfully requests that the State Court Action pending before the Superior Court of the State of California for the County of Santa Clara be removed to the United States District Court for the Northern District of California, San Jose Division.

Dated: September 3, 2019                    SCHILLING LAW GROUP, PC

                                              Charity M. Gilbreth
                                              Matthew G. Ardoin
                                              Tyler H. Hunt

By: */s/ Matthew G. Ardoin*
     Matthew G. Ardoin
     Attorneys for Defendant
     BLIZZARD ENTERTAINMENT, INC.,
     erroneously sued as ACTIVISION
     BLIZZARD, INC.