SCHILLING LAW GROUP, PC
Charity M. Gilbreth (Bar No. 223504)
*charity.gilbreth@schillinglawgroup.com*
Matthew G. Ardoin (Bar No. 293350)
*matt.ardoin@schillinglawgroup.com*
Tyler H. Hunt (Bar No. 313326)
*tyler.hunt@schillinglawgroup.com*
1100 Newport Center Drive, Suite 250
Newport Beach, California 92660
Telephone: (949) 760-6120
Facsimile:  (949) 760-6129

Attorneys for ACTIVISION BLIZZARD, INC.
and BLIZZARD ENTERTAINMENT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>                Plaintiff,<br><br>     v.<br><br>ACTIVISION BLIZZARD, INC.,<br><br>                Defendant. | CASE NO. 5:19-cv-05540-NC<br><br>Assigned To:  Hon. Nathanael Cousins<br>Courtroom:     5<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Date:            October 23, 2019<br>Time:            1:00 p.m.<br>Courtroom:    5<br><br>Action Filed:  August 2, 2019<br>Trial Date:     None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

The Complaint fails as a matter of law because there is no cognizable violation of the Americans with Disabilities Act ("ADA") or Section 1723 of the California Civil Code ("Section 1723"). The Opposition does not refute any of the legal arguments made in the moving papers about why the Complaint should be dismissed without leave to amend.[1] While pro se pleadings are construed liberally, such pleadings still must abide by the standards which determine whether a complaint is sufficient for the purposes of Federal Rule of Civil Procedure 12(b)(6). *James v. San Francisco Unified Sch. Dist.*, 2018 WL 4635640, at *2 (N.D. Cal. Sept. 27, 2018) (granting motion to dismiss pro se complaint). "Dismissal for failure to state a claim under 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id*. Construing Plaintiff's pleading liberally, the Complaint lacks both any cognizable legal theory and sufficient facts alleged to establish liability (even assuming there was a cognizable theory alleged). (Mot. at 6:25-7:12). Where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," dismissal without leave to amend is proper. *See also Simmons v. Giurbino*, 2011 WL 2838125, at *1 (N.D. Cal. July 18, 2011) (denying motion for reconsideration of pro se complaint after case was dismissed without leave to amend). Here, the Complaint should be dismissed without leave to amend because it is absolutely clear that the legal and factual deficiencies cannot be cured with amendment. *See Van v. Wal-Mart Stores, Inc.*, 583 F. App'x 761, 763 (9th Cir. 2014).

---

[1] A substantial portion of the Opposition is dedicated to arguing that Plaintiff filed the Complaint in good faith and that as a result, Blizzard should not be entitled to attorney's fees. Not only has Plaintiff filed eight meritless lawsuits, all of which were dismissed within months of filing (Mot. at 3:7-10; RJN, Ex. 2 - 16), but here Plaintiff re-filed the exact same ADA claim that a federal court already ruled failed as a matter of law. (Mot. at 4:20-5:9).

## II. THE COMPLAINT LACKS A COGNIZABLE LEGAL THEORY BECAUSE NEITHER CAUSE OF ACTION APPLIES TO DIGITAL STORES

Plaintiff's allegations against Blizzard under both the ADA and Section 1723 turn on the same alleged wrongful conduct: Blizzard purportedly did not adequately notify Plaintiff of the company's video game refund policy. As discussed in the moving papers, the problem with these allegations is that neither statute applies to digital stores that are not connected with an actual, physical place. (*See* Mot. at 7:15-9:23). The Opposition fails to establish how either statute could apply to Blizzard's Digital Store.

It is clear law in the Ninth Circuit that the ADA does not apply to digital storefronts, as digital storefronts are not connected to any actual, physical place. (*See* Mot. at 7:15-8:11). Plaintiff is familiar with this argument, as his lawsuit against another digital video game store earlier this year was dismissed for this very reason. *Estavillo v. Behaviour Interactive*, 2019 U.S. Dist. LEXIS 108146, at *7-8 (N.D. Cal. May 30, 2019); *Estavillo v. Behaviour Interactive*, 2019 U.S. Dist. LEXIS 108144, at *2-3 (N.D. Cal. June 27, 2019) (adopting report and recommendation for dismissal as the court's order); RJN Exs. 15 and 16. Yet, the Opposition makes no effort to address this argument, or to give any reason why the same outcome from *Estavillo v. Behaviour Interactive* should not apply here. The Opposition is also silent regarding the fact that no California court has expanded Section 1723 to apply to digital stores or websites. Instead, most of the Opposition's arguments are irrelevant to the issues before this Court on a 12(b)(6) motion.[2] For these reasons alone, the Motion should be granted.

---

[2] The Court should reject Plaintiff's contention that "The PSN Plaintiff" is irrelevant and should not be considered because it was "written nearly 10 years ago." Judicial notice may be taken because Plaintiff does not dispute either the existence of "The PSN Plaintiff," his authorship of it, nor the accuracy any of the excerpts included as Exhibit 1 to Blizzard's RJN. *See* Fed. R. Evid. 201(b).

### III. THE COMPLAINT LACKS SPECIFIC FACTS THAT COULD ESTABLISH LIABILITY

#### A. Plaintiff Did Not Perform The Conditions Precedent To Make A Section 1723 Claim

Assuming *arguendo* that Section 1723 applies to digital stores, Plaintiff's Complaint does not allege that he performed the conditions precedent to make a claim under the statute (nor could he). Section 1723 requires that a buyer "returns, or attempts to return, the purchased goods on or before the 30th day after their purchase." Cal. Civ. Code §1723(c)(1). The Opposition does not dispute that Plaintiff never attempted to "return" goods.

#### B. Plaintiff's Facts And Circumstances Simply Cannot Establish Liability

Contrary to the assertions in the Opposition, Plaintiff does not have "the right to participate in" Blizzard's games, including Overwatch, because of his medical conditions and because he allegedly spent more than $500 on the game and loot boxes. (Opp. at 3:23-26). He also does not have a right to harass or insult other players in Overwatch with impunity.[3] Blizzard's End User License Agreement ("EULA") states that Plaintiff purchased a revocable license to install and access Overwatch and Blizzard's online service, Battle.net. (Mot. at 6:15-23). This license can be revoked if a player engages in harassing and abusive behavior against other players, which is exactly what happened here. *Id. See also* RJN, Ex. 20 at 99-100

Plaintiff had notice of Blizzard's refund policy prior to his purchase of the revocable license. (*See* Mot. at 10:15-11:4; Compl. at 6:17-22). Specifically, the EULA

---

[3] Plaintiff ironically paints himself as the "fighter for the 'little guy' – the consumer," in utter disregard for the context in which this lawsuit arose. Plaintiff was temporarily suspended (the Opposition concedes he was not permanently banned, *see* Opp. at 4:16-17) after he berated Overwatch players with a litany of racist and homophobic epithets. Yet Plaintiff is indifferent to the need to balance his interests with the millions of other Overwatch players.

states in all capitalized letters that Blizzard "IS NOT REQUIRED TO REFUND AMOUNTS YOU PAY … FOR ANY REASON."  RJN, Ex. 20 at p. 98.  *See also* RJN, Ex. 19.  The Complaint concedes that the EULA includes the refund policy.  (Compl. at 6:17-22).  In addition, the Terms of Sale expressly state that Plaintiff is not entitled to a refund for the purchase of digital content such as Overwatch.[4]  RJN, Ex. 22 at p. 105.  Based on these facts, the factual deficiencies in Plaintiff's Complaint cannot be cured with amendment.

## IV. CONCLUSION

For all of the reasons set forth herein and in the moving papers, Blizzard respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and without leave to amend.

Dated:  September 30, 2019          SCHILLING LAW GROUP, PC

Charity M. Gilbreth
Matthew G. Ardoin
Tyler H. Hunt


By: */s/ Matthew G. Ardoin*
Matthew G. Ardoin
Attorneys for ACTIVISION
BLIZZARD, INC. and BLIZZARD
ENTERTAINMENT, INC.

---

[4]  Plaintiff's evidence corroborates that Plaintiff agreed to Blizzard's Terms of Sale when he used the Digital Store.  A more legible copy of Plaintiff's screenshot on page 8 of the Opposition, attached as Exhibit 23 to the Supplemental Declaration of Matthew G. Ardoin filed concurrently herewith, shows that Blizzard's Digital Store states: "By clicking 'Pay Now,' you agree to the Terms of Sale and Privacy Policy."  Each of those policies is hyperlinked and can be reviewed by gamers who are interested in knowing the terms that they are agreeing to.  (Mot. at 8:13-9:23, 10:15-11:4).

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is SCHILLING LAW GROUP, PC 1100 Newport Center Drive, Suite 250, Newport Beach, CA 92660. My email address is *shamika.polin@schillinglawgroup.com*.

On **September 30, 2019**, I served the following document(s) described as:

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Schilling Law Group, PC for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I mailed a sealed envelope or package containing the above-described document(s) and addressed as set forth below in accordance with the office practice of Schilling Law Group, PC for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| Erik Estavillo<br>3284 Cortese Circle<br>San Jose, CA 95127<br>Tel: (408) 593-1226 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 30, 2019

_____
Shamika L. Polin