UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ESTAVILLO,<br>　　　Plaintiff,<br>　v.<br>BLIZZARD ENTERTAINMENT, INC.<br>　　　Defendant. | Case No. 5:19-cv-05540-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ADA CLAIM; REMANDING § 1723 CLAIM TO STATE COURT**<br><br>Re: Dkt. No. 9 |

Plaintiff Erik Estavillo alleges that Defendant Blizzard Entertainment, Inc.[1] ("Blizzard"), a video game developer, violated Cal. Civ. Code § 1723 and the Americans with Disabilities Act ("ADA"). Compl. (Dkt. No. 1-1) ¶ 5. Plaintiff seeks injunctive and equitable relief, compensatory damages, and $100,000 in punitive damages. *Id.* ¶ 6. Blizzard removed Plaintiff's action from the Superior Court of California, County of Santa Clara, pursuant to 28 U.S.C. § 1331. Dkt. No. 1. Blizzard now moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mot. to Dismiss (Dkt. No. 9). For the reasons below, the court: (1) dismisses Plaintiff's ADA claim under Rule 12(b)(6) with prejudice and without leave to amend, (2) declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim under Cal. Civ. Code § 1723, and (3) remands Plaintiff's § 1723 claim to the Superior Court of California, County of Santa Clara.

---

[1] Defendant was erroneously sued as "Activision Blizzard, Inc." Notice of Removal (Dkt. No. 1).

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM; REMANDING § 1723 CLAIM TO STATE COURT
1

## I. BACKGROUND

In August 2019, Mr. Estavillo, a *pro se* Plaintiff, filed this action in the Superior Court of California, County of Santa Clara. Dkt. No. 1-1. Plaintiff suffers from Depression, Obsessive Compulsive Disorder, Panic Disorder, and Crohn's Disease. Compl. ¶ 4. These conditions make it challenging for him to socialize outside of his apartment. *Id.* Plaintiff "heavily relies on video games for communication with other players and other socialization needs that he can only meet via the video gaming medium." *Id.* Playing video games also helps "occupy his time and distract him from said disabilities." *Id.* Plaintiff played the video game Overwatch until Blizzard, the game developer, banned Plaintiff from the game for "abusive chat." *Id.* Plaintiff contests Blizzard's justification for banning him. *Id.* Plaintiff claims, after the ban, he could not obtain a return or refund for the approximately $300 he had spent at Blizzard's "digital storefront" for "loot boxes" and "multiple copies of the game itself each time he has been banned." *Id.*

Plaintiff brings two causes of action. *Id.* ¶ 5. First, Plaintiff claims Blizzard violates Cal. Civ. Code § 1723 "by not explicitly stating that no returns or refunds are available on the front of their digital store for video gamers." *Id.* Second, Plaintiff claims Blizzard's failure to "explicitly disclose[]" information about returns and refunds on its digital storefront and in its End-User License Agreement ("EULA") violates the ADA. *Id.* Plaintiff contends that persons with mental disabilities and minors need information about returns and refunds "explicitly explained to them." *Id.* Plaintiff seeks injunctive and equitable relief, compensatory damages, and $100,000 in punitive damages. *Id.* ¶ 6.

On September 3, 2019, Blizzard removed this action from the Superior Court of California, County of Santa Clara, pursuant to 28 U.S.C. § 1331. Dkt. No. 1. Blizzard claims removal is proper because Plaintiff's ADA claim poses a federal question. *Id.* at 1. Also, Blizzard argues that this court has supplemental jurisdiction over Plaintiff's state-law claim. *Id.* at 2. Soon after removal, Blizzard filed its Motion to Dismiss and a Request for Judicial Notice ("RJN"). Dkt. Nos. 9-10. Plaintiff then filed his Opposition, Blizzard filed its Reply, and Plaintiff filed a

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM;
REMANDING § 1723 CLAIM TO STATE COURT

2

supplemental brief. Dkt. Nos. 14, 16-17. The court has considered the parties' papers and found that, pursuant to Local Rule 7-1(b), the motion is suitable for decision without oral argument.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a party may seek dismissal of a suit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted). A court may dismiss a complaint on a Rule 12(b)(6) motion "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *second am. opinion filed* May 11, 1990)). Defeating a motion to dismiss requires that the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotations omitted).

## III. DISCUSSION

### A. Judicial Notice

Blizzard requests that the court take judicial notice of twenty-two (22) exhibits. RJN (Dkt. No. 10). The exhibits include: (i) an excerpt from Plaintiff's autobiography (Ex. 1), (ii) complaints, orders, and voluntary requests for dismissal in prior litigation involving Plaintiff (Exs. 2-16), (iii) "Blizzard's webpage providing information about Overwatch from Blizzard's digital store" (Ex. 17), (iv) information concerning Blizzard's EULA (Exs. 18-20), and (v) information regarding Blizzard's Terms of Sale (Exs. 21-22). *Id.*

The court GRANTS IN PART and DENIES IN PART Defendant's RJN. The court does not take judicial notice of Exhibits 1-13 and 18-22. The court does not find these materials necessary to consider for the court's analysis. However, the court takes judicial notice of Exs. 14-

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM;
REMANDING § 1723 CLAIM TO STATE COURT

3

17. Exhibit 14 is the amended complaint that Plaintiff filed in March 2019 in the Northern District of California in the matter of *Erik Estavillo v. Behaviour Interactive/Starbreeze Studios* (Case No. 19-cv-01025). RJN at 2; Ex. 14. There, Plaintiff brought nearly identical claims against other video game developers under Cal. Civ. Code § 1723 and the ADA. *See* RJN, Ex. 14. Exhibit 15 is the Hon. Magistrate Judge Van Keulen's report and recommendation to dismiss Plaintiff's amended complaint in that action. RJN, Ex. 15. Exhibit 16 is the Hon. Judge Orrick's order adopting Judge Van Keulen's report and recommendation to dismiss the case. RJN, Ex. 16. These facts are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

The court also takes judicial notice of Exhibit 17, screenshots from Blizzard's website that offer general information about Overwatch.[2] *See* RJN, Ex. 17. Plaintiff refers to Blizzard's website, the "digital storefront," throughout his complaint. In reviewing a Rule 12(b)(6) motion, the court may "consider[ ]" "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)) (quotations omitted).

### B. Plaintiff Does Not State a Claim Under the ADA.

Plaintiff's complaint does not demonstrate that the ADA applies to Blizzard's "digital storefront." Therefore, the court dismisses Plaintiff's ADA claim for failure to state a claim under Rule 12(b)(6).

Title 42 U.S.C. § 12182 of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

---

[2] Blizzard took these screenshots on September 10, 2019 from the following website: https://us.shop.battle.net/en-us/product/overwatch?blzcmp=ow_buy_header#techspecs.

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Ninth Circuit has interpreted "a place of public accommodation" as "requir[ing] 'some connection between the good or service complained of and an actual physical place.'" *Earll v. eBay, Inc.*, 599 F. App'x 695, 696 (9th Cir. 2015) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)). In *Earll*, the Ninth Circuit held the ADA did not apply because eBay's services lacked connection "to any 'actual, physical place[].'" *Id.*

Plaintiff argues that the ADA applies to Blizzard's "digital storefront" based on *Gil v. Winn-Dixie Stores, Inc.* 257 F. Supp. 3d 1340 (S.D. Fla. 2017), *appeal filed*, Aug. 1, 2017 (No. 17-13467); *see also* Compl. ¶ 5. But, *Gil* is distinguishable and not binding authority. There, after a non-jury trial, the court found defendant grocery store violated the ADA because its website was inaccessible to persons with impaired vision who rely on screen reader software. 257 F. Supp. 3d at 1342-43, 1349. The court, however, did not determine whether defendant's website "in and of itself" constituted a place of public accommodation. *Id.* at 1349. The court relied on district court opinions which concluded that websites can constitute "a service of a public accommodation" under the ADA "[w]here a website is heavily integrated with physical store locations and operates as a gateway to the physical store locations." *Id.* at 1348 (citing *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953-55 (N.D. Cal. 2006) and *Gomez v. J. Lindeberg, Inc.*, No. 16–22066, ECF No. 23, at *3 (S.D. Fla. Oct. 17, 2016) (Williams, J)). Defendant grocer's website, which enabled customers to "access digital coupons," locate stores, and refill prescriptions, shared this integration and operated as a gateway to physical stores. 257 F. Supp. 3d at 1349.

Here, however, Plaintiff does not allege facts showing that Blizzard's "digital storefront" shares such integration with or functions as a gateway to physical stores. *See id.* And, as mentioned earlier, *Gil* is not binding authority. Another district court in this circuit recently considered nearly identical claims under the ADA and Cal. Civ. Code § 1723 that Plaintiff brought against different defendants. *See Estavillo v. Behaviour Interactive*, 2019 U.S. Dist. LEXIS

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM; REMANDING § 1723 CLAIM TO STATE COURT

5

108144 (N.D. Cal. June 27, 2019); *see also* RJN, Ex. 16. There, the court adopted the Hon. Magistrate Judge Van Keulen's report and recommendation to dismiss plaintiff's complaint with prejudice. 2019 U.S. Dist. LEXIS 108144, at *2-3; *see also* RJN, Ex. 16. In her report and recommendation, Judge Van Keulen found that plaintiff "fail[ed] to state a viable claim under federal law and thus fail[ed] to establish federal question jurisdiction." *Estavillo v. Behaviour Interactive*, 2019 U.S. Dist. LEXIS 108146, at *6 (N.D. Cal. May 30, 2019) (citation omitted); *see also* RJN, Ex. 15. Judge Van Keulen relied on the decision in *Earll*, where "[t]he Ninth Circuit—the controlling law in this district—has recognized that a website whose services are not connected to any 'actual, physical place[]' . . . is not subject to the ADA." *Id.* at *7-8 (citing *Earll*, 599 F. App'x at 696) (quoting *Weyer*, 198 F.3d at 1114) (quotation omitted); *see also* RJN, Ex. 15.

The court, here, likewise finds that Plaintiff fails to state a claim under the ADA. *See Estavillo*, 2019 U.S. Dist. LEXIS 108146, at *6 (citation omitted); *see also* RJN, Ex. 15. Plaintiff does not allege facts showing that Blizzard's website is "connected to a physical place," and thus constitutes a place of public accommodation under the ADA. *See Estavillo*, 2019 U.S. Dist. LEXIS 108144, at *2-3 (citation omitted); *see also* RJN, Ex. 16. However, rather than dismiss the case for lack of subject-matter jurisdiction, the court dismisses the case for failure to state a claim under Rule 12(b)(6). *See Barraclough v. ADP Auto. Claims Servs. Inc.*, 818 F. Supp. 1310, 1312 (N.D. Cal. 1993) ("Because plaintiff is asserting a federal claim (whether or not meritorious), defendant has a right to a federal forum . . . . Even if plaintiff's federal claim is meritless, . . . defendant is entitled to have the court so determine. Only when the merits of the ADA claim have been decided and the claim dismissed will remand be proper.").

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claim.

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After dismissing Plaintiff's ADA claim, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim under Cal. Civ. Code § 1723. The court

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM; REMANDING § 1723 CLAIM TO STATE COURT

6

exercises its discretion to remand the § 1723 claim to the Superior Court of California, County of Santa Clara. *See Barraclough*, 818 F. Supp. 1310 at 1312 (dismissing plaintiff's ADA claim under Rule 12(b)(6), declining to exercise supplemental jurisdiction over remaining state-law claim, and remanding claim to state court); *see also Rogers v. Ford Motor Co.*, 2018 WL 5263175, at *1 (C.D. Cal. May 1, 2018) (dismissing plaintiff's federal claims, declining to exercise supplemental jurisdiction over remaining state-law claims, and remanding the action to state court) (citing 28 U.S.C. § 1367(c)(3) and *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) ("In a case in which all federal law claims are eliminated before trial, the balance of the[ ] factors will generally point toward declining to exercise jurisdiction over the state law claims.") (citation omitted). The court finds it appropriate for the state court to evaluate Plaintiff's remaining state-law claim. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Blizzard requests the court to award attorneys' fees and costs. Mot. to Dismiss at 11. Blizzard argues that § 1723 permits a prevailing defendant to recover attorneys' fees when a plaintiff acts in bad faith. *Id.* (citing Cal. Civ. Code §§ 1723(b)(2), 1780(e)). The court does not award attorneys' fees and costs because the court has remanded the § 1723 claim to state court for adjudication.

**IV. ORDER**

For the reasons above, the court: (1) dismisses Plaintiff's ADA claim under Rule 12(b)(6) with prejudice and without leave to amend, (2) declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim under Cal. Civ. Code § 1723, and (3) remands Plaintiff's

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM; REMANDING § 1723 CLAIM TO STATE COURT
7

§ 1723 claim to the Superior Court of California, County of Santa Clara.

**IT IS SO ORDERED.**

Dated: December 5, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05540-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM;
REMANDING § 1723 CLAIM TO STATE COURT
8